Submitted September 2, reversed and remanded November 23, 2022

Edward LEWIS,
an individual, and
Tamara Lewis, an individual,
*Plaintiffs-Respondents,*

*v.*

Valdene Marie Leimomi VARDE,
dba Oregon Progressive Construction,
and James Varde,
*Defendants-Appellants.*

Washington County Circuit Court
21CV03926; A176014

521 P3d 522

In this action by plaintiffs asserting, among other claims, breach of a residential construction contract, defendants appeal, contending in a single assignment that the trial court erred in denying their petition to compel arbitration of plaintiffs' claims. *Held*: The claims have their source in the parties' contract. Although one of the defendants was not a signatory to the contract, he is alleged to have been a party to the contract. In light of the provision of the contract stating that the parties "agree to mandatory arbitration or mediation to resolve any and all disputes that may arise from this contract," the fact that the claims arise from defendants' performance under the contract, and the presumption in favor of arbitrability, the Court of Appeals concluded that the trial court erred in denying the petition.

Reversed and remanded.

Theodore E. Sims, Judge.

Valdene Marie Leimomi Varde and James Varde filed the briefs *pro se*.

Sean J. Riddell filed the brief for respondents.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Reversed and remanded.

**TOOKEY, P. J.**

In this action by plaintiffs asserting, among other claims, breach of a residential construction contract, defendants Valdene Varde and James Varde, who are sister and brother, appeal, contending in a single assignment of error that the trial court erred in denying their petition to compel arbitration of plaintiffs' claims. ORS 36.730 (providing for appeal of an order denying petition to compel arbitration). We conclude that the trial court erred in denying the petition and therefore reverse and remand.

For purposes of determining the arbitrability of the dispute, we assume the truth of the allegations of plaintiffs' complaint. *Livingston v. Metropolitan Pediatrics, LLC*, 234 Or App 137, 140, 227 P3d 796 (2010). Plaintiffs alleged that "Plaintiffs and Defendants entered into a written contract *** that provided Defendants would perform construction work for the benefit of Plaintiffs"; that they "tendered payments to Defendants *** for the work under the Contract"; that "Defendants materially breached the Contract by abandoning the construction project on the Property prior to completion, and by failing to perform the construction work to the standard of care previously agreed"; and that defendants misrepresented their skills and experience and ability to complete the project and "converted" plaintiffs' payment to cover their personal debts. Based on those alleged facts, plaintiffs asserted against defendants claims of breach of contract, unlawful trade practices, conversion, fraud, and unjust enrichment.

Defendant Valdene Varde filed a petition to compel arbitration, noting that the parties' contract included an arbitration clause providing, "Both parties agree to mandatory arbitration or mediation to resolve any and all disputes that may arise from this contract." Plaintiffs objected to arbitration; thus, the matter was presented to the court for decision.

ORS 36.360 provides, in part:

"(1)   An agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable

and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract.

"(2)   Subject to ORS 36.625(8), the court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate."

Oregon courts recognize a presumption in favor of the enforceability of an arbitration provision. *Livingston*, 234 Or App at 147; *see Snow Mountain Pine Ltd. v. Tecton Laminates Corp.*, 126 Or App 523, 529, 869 P2d 369, *rev den*, 319 Or 36 (1994) ("Arbitration is required unless we can say with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute, and we resolve all doubts in favor of coverage[.]" (Citing *Portland Assn. of Teachers v. School Dist. No. 1*, 51 Or App 321, 325, 625 P2d 1336 (1981).)). Ambiguities as to the scope of an arbitration clause are resolved in favor of arbitration. *Industra/Matrix Joint Venture v. Pope & Talbot*, 341 Or 321, 332-33, 142 P3d 1044 (2006).

ORS 36.625(1) provides:

"On petition of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement:

"* * * * *

"(b)   If the refusing party opposes the petition, the court shall proceed summarily to decide the issue * * * and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate."

The trial court summarily considered the petition to compel arbitration and denied it for two reasons that we reject:

First, the court reasoned that compelling arbitration was "problematic" because the parties had failed to designate an arbitrator, rendering the arbitration provision ambiguous and unenforceable. The court was mistaken. Under ORS 36.645(1), if the parties to an agreement to arbitrate have not agreed on a method for appointing an arbitrator, "the court, on petition of a party to the arbitration proceeding, shall appoint the arbitrator." The parties' failure to designate an arbitrator for their dispute did not render the arbitration provision unenforceable. The court therefore

erred in denying the petition to compel arbitration on that ground.

Second, the court reasoned that compelling arbitration was "problematic" because defendant James Varde was not a signatory to the contract, and plaintiffs' claims against him therefore would proceed to trial, resulting in a splitting of the action. However, as plaintiffs have alleged in the complaint, James Varde, although not a signatory, was a party to the alleged contractual agreement. Thus, if, as we have concluded, the arbitration provision is enforceable, the claims against James Varde that arise from the contract are also subject to arbitration.

But even if James Varde is not a party to the contract, we would conclude that the arbitration clause itself—which covers claims that "arise from" the contract—plausibly encompassed the claims against James Varde and was therefore enforceable as to him. In *Livingston*, the plaintiff brought claims of interference with economic relationships against defendants who were not parties or signatories to the plaintiff's employment contract, and its included arbitration clause. The arbitration clause in *Livingston* provided, "Any controversy, dispute or disagreement arising out of or relating to this Agreement, or the breach thereof, shall be resolved by arbitration." 234 Or App at 146, The plaintiff contended that, as nonsignatories to the employment contract, those defendants had no right to enforce the arbitration provision. In rejecting that argument, we cited, among other authorities, the rule that an arbitration clause will apply if it can plausibly be so construed.[1] *Id.* at 147. We reasoned that the broad text of the arbitration clause could plausibly be interpreted such that the parties intended it to apply to *any* claim that the plaintiff might have arising out of or relating to his employment pursuant to the agreement, and not just claims between the signatories. *Id.* We noted that, as here, the claims by the plaintiff signatory against the nonsignatory defendants "depend on the same allegations made against [the signatory defendant] and have as

---

[1] We also explained that "[c]ourts have relied on a number of rationales for permitting nonsignatory defendants to invoke arbitration clauses in claims against them by signatories to a contract." *Livingston*, 234 Or App at 149.

their source the identical circumstances of plaintiff's claims against" the signatory defendant. *Id.* at 150. In light of those circumstances, and in view of the presumption in favor of arbitrability, we held that the clause applied to the signatory plaintiff's claims against the nonsignatory defendants. *Id.* at 151.

Similarly here, the claims against James Varde have as their source both defendants' failure to perform under the contract. And similarly here, the broad language of the arbitration agreement is plausibly susceptible to the construction that it also applies to claims against James Varde, in addition to claims against Valdene Varde, arising from the work that James performed under the construction contract. For those additional reasons, and because of the presumption in favor of arbitration, the trial court erred in denying the petition to compel arbitration.

Reversed and remanded.